IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

V.                              CRIMINAL ACTION NO. 5:24-cr-08-DCB-ASH

ALFORN NAPOLEON LEE                                         DEFENDANT

<u>ORDER ON MOTION TO DISMISS</u>

This matter comes before the Court on Defendant Alforn
Napoleon Lee's Motion to Dismiss the Indictment pursuant to
Federal Rule of Criminal Procedure 12. [ECF No. 26]. Lee has
been charged with possessing a firearm in violation of 18 U.S.C.
§ 922(g)(1) (hereinafter "§ 922(g)(1)"), and he now asserts both
facial and as-applied challenges to its constitutionality under
the Second Amendment. <u>Id.</u> at 1. He further claims that §
922(g)(1) violates both the Equal Protection and Due Process
clauses of the Fifth Amendment, that it is void for vagueness,
and that its enactment was an unconstitutional extension of
Congress's powers under the Commerce Clause. <u>Id.</u> The Court finds
as follows:

I.  Background

Defendant was indicted on December 10, 2024, for one count
of possession of a firearm by a person who has previously been
convicted of a crime punishable by imprisonment for a term
exceeding one year, in violation of § 922(g)(1). Defendant was

arrested for this violation while he was on parole. [ECF No. 27] at 1.

II.  Legal Standard

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." In the Fifth Circuit, "[t]he propriety of a motion to dismiss an indictment ... by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id.

The Second Amendment guarantees that "the right of the people to keep and bear Arms[] shall not be infringed." U.S. CONST. amend. II. However, this right "is not unlimited." District of Columbia v. Heller, 554 U.S. 570, 626 (2008). In New York State Rifle & Pistol Ass'n., Inc. v. Bruen, the Supreme Court announced a new two-step framework for analyzing whether a regulation is consistent with the Second Amendment. 597 U.S. 1, 17 (2022). First, "the Second Amendment's plain text must cover the defendant's conduct." Id. at 24. Second, if a defendant's conduct is covered by the Second Amendment, the burden falls on

the government to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." Id. "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" Id. (quoting Koningsberg v. State Bar of Cal., 366 U.S. 36, 49 n.10 (1961)).

III. Analysis

   A. Facial Challenge

At the outset, the Court denies Defendant Lee's facial challenge to § 922(g)(1), as Fifth Circuit precedent forecloses this argument. United States v. Diaz, 116 F.4th 458, 472 (5th Cir. 2024); United States v. Zinnerman, No. 24-30310, 2025 WL 984605 at *1 (5th Cir. Apr. 2, 2025); United States v. Davis, No. 24-20258, 2025 WL 958265 at *1 (5th Cir. Mar. 31, 2025) (the latter two cases held that Diaz foreclosed the Defendants' facial challenges to § 922(g)(1)). "To sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" Diaz, 116 F.4th at 471 (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). In Diaz, the Fifth Circuit upheld the validity of § 922(g)(1) when the predicate offense was a felony conviction for theft. See Id. at 467-70. Because

3

the Fifth Circuit has upheld § 922(g)(1) in at least some cases, Defendant's facial challenge fails.

B. As-applied Challenge

The Court now proceeds to address Lee's argument that § 922(g)(1) is unconstitutional as applied to him. As to the first Bruen inquiry, there is no doubt that Lee is a person covered by the Second Amendment. Diaz, 116 F.4th at 466. Indeed, the Fifth Circuit has held that "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." Id. at 467. The Court therefore turns to the second step of the Bruen analysis, and the burden rests on the Government to demonstrate that "regulating [Lee's] possession of a firearm is 'consistent with the Nation's historical tradition' of disarming someone with a criminal history analogous to his." United States v. Schnur, 132 F.4th 863, 867 (5th Cir. 2025).

In January of 2025, the Fifth Circuit held that "the government may disarm those who continue to serve sentences for felony convictions." United States v. Giglio, 126 F.4th 1039, 1044 (5th Cir. 2025). The court agreed with the Third and Sixth Circuits that founding-era laws establish "a historical tradition wherein '[c]onvicts could be required to forfeit their weapons and were prevented from reacquiring arms until they had finished serving their sentences.'" Id. (quoting United States

4

v. Moore, 111 F.4th 266 (3rd Cir 2024)); see also United States
v. Goins, 118 F.4th 794 (6th Cir. 2024).

In the case at hand, Lee was on parole for a conviction of
armed robbery when he was arrested for violating § 922(g)(1).
[ECF No. 27] at 1. Because Lee was serving a sentence for a
felony conviction when he committed the indicted offense, and
because the Fifth Circuit has established that there exists a
historical tradition justifying the disarmament of those serving
time for a felony offense, the Court finds that § 922(g)(1) is
constitutional as applied to Defendant, and therefore denies
Lee's motion to dismiss on this ground.

C. Equal Protection Clause Argument

Defendant next argues that § 922(g)(1) violates the Equal
Protection Clause of the Fifth Amendment. This clause requires
that "all persons similarly situated be similarly treated."
United States v. Howard, No. 24-40033, 2024 WL 4449866 at *2
(5th Cir. Oct. 9, 2024), cert. denied, No. 24-6290, 2025 WL
581782 (U.S. Feb. 24, 2025) (citing Stefanoff v. Hays Cnty., 154
F.3d 523, 525-26 (5th Cir. 1998)). In its response to Lee's
motion, the Government cites United States v. Darrington, in
which the Fifth Circuit rejected the argument that § 922(g)(1)
violates the Equal Protection Clause by depending on state law
to define criminal conduct and to restore a felon's Second

5

Amendment rights, upholding its constitutionality. 351 F.3d 632, 634-35 (5th Cir. 2003). In Darrington, the Court declined to find that § 922(g)(1) burdens a fundamental right and therefore declined to subject it to strict scrutiny. Id. at 635.

Defendant argues that the Fifth Circuit has "now unequivocally rejected" Darrington as precedent and therefore the Government's reliance upon it is misplaced. [ECF No. 28] at 8. At the time of the Darrington decision, the court's precedent "exclude[d] felons as a class from the Second Amendment's protection of 'the right of Americans generally to keep and bear their private arms as historically understood in this country.'" Darrington, 351 F.3d at 635 (quoting United States v. Emerson, 270 F.3d 203, 261 (5th Cir. 2001). Defendant argues that the Fifth Circuit's case law holding that § 922(g)(1) does not burden a fundamental right is now obsolete because the cases in which the court so held have been set aside by Bruen. [ECF No. 26] at 13. Now, Lee maintains, "because the statute contains no uniform definition of the conduct that will result in the loss of the right to possess a firearm and instead relies on diverse state definitions, § 922(g)(1) cannot withstand strict scrutiny." Id.

However, the Fifth Circuit has adopted the Darrington stance on § 922(g)(1) and the Equal Protection Clause in its

6

post-Bruen case law. United States v. Howard, No. 24-40033, 2024
WL 4449866 (5th Cir. Oct. 9, 2024), cert. denied, No. 24-6290,
2025 WL 581782 (U.S. Feb. 24, 2025); United States v. Steward,
No. 23-20515, 2024 WL 3082334 (5th Cir. June 21, 2024). The
court categorized its holding in Darrington as a determination
"that governmental restrictions on the right to bear arms need
not meet a strict scrutiny test because it was not a fundamental
right." Howard 2024 WL 4449866 at *2 (citing Darrington, 351
F.3d at 635). Both the Steward and Howard panels rejected the
argument that Bruen made this holding obsolete. The Howard
holding adopted the Steward conclusion that "'[n]either the
Supreme Court nor this court sitting en banc has overruled
Darrington.'" Id. (citing Steward, 2024 WL 3082334 at *1.
Because this Court finds that Darrington still controls, it
denies Defendant's motion to dismiss based on an Equal
Protection Clause violation.

    D. Due Process Argument

    Lee next argues that § 922(g)(1) violates his Fifth
Amendment right to Due Process "by stripping him of his ability
to possess firearms and ammunition as 'an automatic,
uncontestable consequence" of his felony conviction. [ECF No.
26] at 9 (citing United States v. Rahimi, 602 U.S. 680, 748
(Thomas, J., dissenting). The Fifth Amendment provides that

"[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. V. Defendant quotes Justice Thomas's dissent in the Rahimi opinion to support his position. In Rahimi, the Supreme Court upheld the constitutionality of 18 U.S.C. § 922(g)(8) (hereinafter "§ 922(g)(8)"), which prohibits a person from possessing a firearm while subject to a domestic violence restraining order. Rahimi, 602 U.S. at 702. Justice Thomas dissented, explaining in part that § 922(g)(8) "strips an individual of his ability to possess firearms and ammunition without any due process" because "the ban is an automatic, uncontestable consequence of certain orders." Id. at 748 (Thomas, J., dissenting). Section 922(g)(8) affords "no hearing or opportunity to be heard on the statute's applicability, and a court need not decide whether a person should be disarmed." Id. (Thomas, J., dissenting). "The only process § 922(g)(8) requires is that provided (or not) for the underlying restraining order." Id. (Thomas, J., dissenting).

Lee asserts that § 922(g)(1) "suffers these same defects," as it strips a felon of his Second Amendment rights as an automatic consequence of a felony conviction, requiring no finding that the person is dangerous and should be disarmed other than the fact that he has been convicted of a felony. [ECF No. 26] at 14. The Government replies that Defendant was afforded process before his right to bear arms was abridged—

8

specifically, he was entitled to a jury trial on the underlying conviction. [ECF No. 27] at 12. Therefore, the Government asserts that "[d]ue process does not require a separate hearing be held before determining the applicability of § 922(g)(1) as a result of the underlying conviction." Id.

Lee's argument that § 922(g)(1) does not provide a defendant with due process because it is the automatic result of a felony conviction ignores the fact that a criminal defendant's entitlement to a jury trial provides him with process before he loses his right to bear arms. Furthermore, as the Government points out, Lee supports his argument with Justice Thomas's dissent in Rahimi, citing no other case law to support his conclusion that the right to a jury trial for the underlying conviction is insufficient process under the Due Process Clause. As discussed above, Rahimi addressed the constitutionality of § 922(g)(8), which prohibits possession of a firearm by a person subject to a domestic violence restraining order. Rahimi, 602 U.S. at 702.

While Justice Thomas does state that § 922(g)(8) "strips an individual of his ability to possess firearms and ammunition without any due process," he notes that "Rahimi does not ask the Court to consider, and I do not address, whether § 922(g)(8) satisfies the Due Process Clause." Rahimi, 602 U.S. at 748. In

the language quoted by Defendant, Justice Thomas explains that § 922(g)(8) requires no process outside of that required to obtain a domestic violence restraining order; he does not argue that it violates the Due Process Clause. Id. Furthermore, Justice Thomas notes that § 922(g)(8) "does not require a finding that a person has ever committed a crime of domestic violence. It is not triggered by a criminal conviction or a person's criminal history, unlike other § 922(g) subsections. See § 922(g)(1),(9)." Id. This difference in pre-deprivation process distinguishes § 922(g)(1) from § 922(g)(8); the former requires a finding of past criminal activity, while the latter does not.

While § 922(g)(1) does not require any process beyond a criminal conviction before disarming a felon, Defendant fails to explain how this lack of process violates the Due Process Clause, which requires that the government "provide 'notice and an opportunity for hearing appropriate to the nature of the case.' To satisfy the requirements of procedural due process, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Echavarria v. Pitts, 641 F.3d 92 (5th Cir. 2011), as revised (June 21, 2011) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313-14). Before a person is disarmed under § 922(g)(1), he is granted the right to a jury

trial on the underlying conviction; Congress has imposed
disarmament as a punishment for committing a felony.
Furthermore, § 922(g)(1) is sufficiently clear to put a
reasonable person on notice that if they commit a crime
punishable by imprisonment of more than one year, they will be
subject to disarmament. Therefore, Defendant's argument that the
pre-deprivation process doesn't satisfy the Due Process Clause
fails.

Lee also argues that § 922(g)(1) violates the Due Process
Clause of the Fifth Amendment because it fails to provide an
effective process for restoring a felon's Second Amendment
rights. The Government asserts that there are processes by which
a person can have his Second Amendment rights restored, and that
therefore there is no Due Process violation. [ECF No. 27] at 12,
n.13.  First, 18 U.S.C. § 921(a)(20) (hereinafter "§
921(a)(20)") provides a process by which a convicted felon can
have his Second Amendment rights restored:

> . . . Any conviction which has been expunged, or
> set aside or for which a person has been pardoned or
> has had civil rights restored shall not be considered
> a conviction for purposes of this chapter, unless such
> pardon, expungement, or restoration of civil rights
> expressly provides that the person may not ship,
> transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Second, 18 U.S.C. § 925(c) (hereinafter "§ 925(c)")
provides that a person banned from possessing a firearm may
"make application to the Attorney General for relief from" his
firearm disability, and that the Attorney General may grant such
relief if the applicant can show that he "will not be likely to
act in a manner dangerous to public safety and that the granting
of the relief would not be contrary to the public interest." §
925(c). However, Defendant characterizes these avenues as
"illusory opportunities for restoration" of a felon's right to
bear arms [ECF No. 27] at 9. Specifically, he explains that
though § 925(c) formally provides an opportunity for a felon to
petition for the restoration of his Second Amendment rights,
Congress has declined to fund it and thus eliminated it as a
practical avenue for relief. [ECF No. 28] at 9, citing United
States v. McGill, 74 F.3d 64, 67 (5th Cir. 1996). A similar
argument was made and rejected by the Southern District of New
York in Zherka v. Garland, 593 F.Supp.3d 73 (S.D.N.Y. 2022). The
Zherka court wrote:

> ... Plaintiff's due process claim is foreclosed by the
> Supreme Court's decision in Connecticut Department of
> Public Safety v. Doe, 538 U.S. 1 (2003). A class of
> convicted sex offenders in Doe brought a procedural due
> process challenge to Connecticut's sex offender registry
> law, which required all persons convicted of certain sex-
> related crimes to register with the State following their
> release from prison. The sex offender class complained
> that the law, which subjected them to reporting
> requirements without affording the opportunity of a
> hearing to demonstrate whether they were likely to be

currently dangerous to the community, violated due
process. The Supreme Court, in rejecting the sex
offenders' challenge, held that individualized hearings
were not required because the registration requirement was
based "on the fact of previous conviction, not the fact of
current dangerousness." Id. at 4. The Supreme Court
reasoned that "where the fact to be proven at the hearing
is not relevant to the legal scheme responsible for the
deprivation (that is, where it is clear that the
government would strip the individual of his liberty even
if he were able to prove or disprove the particular the
fact or set of facts), such a hearing would be an exercise
in futility, which is not required by procedural due
process." Black v. Snow, 272 F.Supp.2d 21, 34 (D.D.C.
2003) (emphasis in original), aff'd sub nom. Black v.
Ashcroft, 110 F. App'x 130 (D.C. Cir. 2004).

    Doe's rationale "dooms any procedural challenge to §
922(g)(1)," as "[t]he plain language of that provision
makes clear Congress's decision to bar all convicted
felons (not merely those with violent tendencies or who
otherwise present an ongoing danger to society) from
possessing firearms." Id. (emphasis in original). Here, as
with the sex offender registry law in Doe, Section
922(g)(1) "make[s] the deprivation turn solely on the fact
of the prior conviction—not the significance of that
conviction for future behavior." Id. at 34-35. It follows,
then, that "due process does not entitle [P]laintiff to a
hearing to determine whether he is currently dangerous
because the results of such a hearing would have no
bearing on whether he is subject to the disability imposed
by § 922(g)(1)." Id. at 35.

593 F.Supp.3d at 81. The Court agrees with the reasoning of the

Zherka court and finds that Plaintiff's due process argument

fails.

    The Court further notes that § 921(a)(20) also provides an

avenue for relief. Defendant argues that the relief provided in

this provision is "too limited to offer meaningful relief." [ECF

No. 28] at 10. He makes this assertion baldly, offering no

support for what qualifies as "too limited" under the Due
Process Clause. Therefore, because Congress has provided at
least one method for restoration of the rights taken away under
§ 922(g)(1), the Court finds further reason to deny Defendant's
motion on due process grounds.

E. Vagueness

Defendant next argues that § 922(g)(1) is
unconstitutionally vague because it "fails to provide a person
of ordinary intelligence fair notice of what conduct is
prohibited." [ECF No. 26] at 14. He explains that in Diaz, the
Fifth Circuit held that § 922(g)(1) was constitutional as
applied to Diaz, but that this decision did not "foreclose
future as-applied challenges by defendants with different
predicate convictions." United States v. Diaz, 116 F.4th 458,
469, 470 n.4 (5th Cir. 2024). Lee argues that because it is
unclear what subset of felons are subject to § 922(g)(1), the
provision is void for vagueness. His argument fails.

There is a "strong presumptive validity that attaches to an
Act of Congress." Skilling v. United States, 561 U.S. 358, 403
(2010) (quoting United States v. Nat'l Dairy Prods. Corp., 372
U.S. 29, 32 (1963)). Furthermore, "statutes are not
automatically invalidated as vague simply because difficulty is
found in determining whether certain marginal offenses fall

14

within their language." <u>Nat'l Dairy Prods. Corp.</u>, 372 U.S. at

32. A Louisiana district court found that a defendant's §

922(g)(1) vagueness argument failed, explaining that

> "A criminal law is void for vagueness under the
> Fifth Amendment when it is 'so vague that it fails to
> give ordinary people fair notice of the conduct it
> punishes, or so standardless that it invites arbitrary
> enforcement.' <u>Johnson v. United States</u>, 576 U.S. 591,
> 595 (2015). '[V]agueness challenges to statutes which
> do not involve First Amendment freedoms must be
> examined in the light of the facts of the case at
> hand.' <u>United States v. Mazurie</u>, 419 U.S. 544, 550
> (1975); <u>see</u> <u>United States v. Clark</u>, 582 F.3d 607, 614
> (5th Cir. 2009) ('As a threshold matter, [defendant]
> must show that the statute is vague <u>in his case</u>.'
> (emphasis in original)). 'A plaintiff who engages in
> some conduct that is clearly proscribed cannot
> complain of the vagueness of the law as applied to the
> conduct of others.' <u>Vill. of Hoffman Ests. v.
> Flipside, Hoffman Ests., Inc.</u>, 455 U.S. 489, 495
> (1982)."

<u>United States v. Celestine</u>, No. CR 24-92, 2025 WL 522643, at *3

(E.D. La. Feb. 18, 2025).

There is no authority holding § 922(g)(1) void for

vagueness in the context of predicate convictions of armed

robbery, kidnapping, and home invasion. [ECF No. 27] at 1-2. As

the Supreme Court stated in <u>Rahimi</u>, "[o]ur tradition of firearm

regulation allows the Government to disarm individuals who

present a credible threat to the physical safety of

others." <u>Rahimi</u>, 144 S. Ct. at 1902. Disarming a person who has

been convicted of armed robbery and kidnapping fits within this

tradition; therefore, § 922(g)(1) is not vague as applied to

Lee. It explicitly disarms a person who has committed a crime punishable by imprisonment for a term exceeding one year, and Lee's crimes were not only felonies, but clearly fit within the history and tradition of disarming individuals who pose a danger to the physical safety of others. Therefore, Defendant's vagueness challenge fails.

F. Commerce Clause

Defendant argues that § 922(g)(1) is an unconstitutional extension of Congress's authority under the Commerce Clause. This Court is bound to reject this argument, as the Fifth Circuit has found that Congress appropriately exercised its power under the Commerce Clause in enacting § 922(g)(1). See United States v. Rawls, 85 F.3d 240, 243 (5th Cir. 1996); United States v. Diaz, 116 F.4th 458, 462 (5th Cir. 2024); United States v. Alcantar, 733 F.3d 143, 145 (5th Cir. 2013) ("[W]e have consistently upheld the constitutionality of § 922(g)(1)"). In fact, Lee himself acknowledges that the Fifth Circuit has rejected this argument and raises it "to preserve the record for further review." [ECF No. 26] at 14-15. Because this Court is bound to follow Fifth Circuit precedent, Defendant's Commerce Clause argument fails.

IV.  Conclusion

For the foregoing reasons, the Court DENIES Defendant Lee's motion to dismiss the indictment.

SO ORDERED AND ADJUDGED this 30th day of April, 2025.

                                    /s/ David Bramlette
                              DAVID C. BRAMLETTE III
                              UNITED STATES DISTRICT JUDGE